# SUPRÊME COURT.

## HAGER AND WIFE agt. DANFORTH.

A party, (not an officer of the law,) who volunteers to serve a subpoena, is not
protected by such process, where he enters the dwelling against the remon-
strance of the wife of the party upon whom it is intended to be served, and
uses *force* and *violence* in making the service.

No officer of the law even, can *enter a dwelling by force to arrest* an inmate ;
it is only when the outer door is open, that an officer armed with process to
arrest is justified in entering, and when in, using force to execute the process.

To warrant the court in setting aside the verdict of a jury on the ground of
*excessive damages ;* they must be so extravagant as to manifest that it was
the result, in no degree, of judgment, but of passion, or prejudice, or corruption.

It is very rare, indeed, that courts ever disturb the verdict of a jury in an action
of *tort,* on the ground of excessive damages.

*Schoharie Special Term, June,* 1853.   This was an action to
recover damages for an alleged assault and battery committed
on the plaintiff's wife.   On the trial the facts shown were
substantially these :  In August, 1851, the defendant proceeded
to the house of the plaintiffs, with the view of making service
of a subpœna on the latter, issued in a suit commenced before
a justice of the peace, by the defendant against Hager.   The
defendant, having entered the outer door of the house, was met
by plaintiff's wife ; words ensued, and she ordered him to leave
the premises.   This the defendant refused to do ; but proceed-
ed towards another room of the house in search of Hager.   At
the door, between the stoop and main kitchen, a scuffle ensued,
and the defendant, in attempting to force his way through,
seized the plaintiff's wife and choked her.   The defendant
succeeded in effecting his way into the main kitchen.   After
the defendant had choked her she threw water upon him.
Hager was engaged in the business of lathing in an upper
chamber.   As the wife interfered to prevent the defendant
from opening the door leading to the chamber, the latter threw
her back against the catch of another door.   A slight bruise
upon her back.   The husband then appeared and the subpœna

Hager and Wife agt. Danforth.

was read to him, and shortly afterwards the defendant left the house.

During the period of the affray, in which the defendant was evidently striving to force his way into the house, and the plaintiff's wife resisting such attempt, abusive and angry words were used by the parties.

The judge, amongst other things, charged the jury, that the defendant had set up in his defence and relied upon his right to serve a subpœna upon Daniel J. Hager, one of the plaintiffs; that the proof showed that the defendant had entered the house for the purpose of serving the subpœna, and, after entering, was ordered by Mrs. H. to leave the house, which he did not do, but pressed on, though resisted, to serve the subpœna, and in so doing committed the assault and battery alleged in the complaint; that a license to enter the house for the purpose of serving the subpœna was to be implied, but after Mrs. Hager had ordered the defendant out, the subpœna was not a justification or protection to him in pressing forward, and, when resisted in his advance, using force to serve it. To which part of the charge the counsel for the defendant excepted.

The jury rendered a verdict, in favor of the plaintiff, for $250 damages. The defendant now moves for a new trial on a case.

W. WELLS, *for Plaintiffs.*

A. BECKER, *for Defendant.*

WRIGHT, Justice.—The counsel for the defendant makes two points on the motion for a new trial: 1st. That the judge erred in charging the jury " that after Mrs. Hager had ordered the defendant to leave the house, the subpœna was not a justification or protection to him in pressing forward, and when resisted in his advance, using force to serve it. 2d. That the damages are excessive.

On the trial of the case, I was not aware of any principle of law to justify an individual, not in the discharge of any official duty, but a mere volunteer, in the service of a subpœna, issued by a justice of the peace in a civil suit, who, having obtained

Hager and Wife agt. Danforth.

peaceable admission into the house of another, is directed to leave the premises; but instead of doing so, presses onward forcibly into other rooms of the house, and when resisted by the wife of the plaintiff, inflicts violence upon her person. And subsequent reflection and examination have satisfied me that no such principle exists. I have not been referred to, nor do I think any case can be found in the books, justifying the party in using force, breaking the inner door of a man's house, and assaulting his wife when resisting his progress, for the ostensible purpose of making service of a subpœna in a civil suit on the owner of such house. It is a maxim of the law "that a man's house is his castle;" to enter it without his license or permission, express or implied, is a trespass. Even when entering it by license or permission, a direction to leave is a revocation of the license, and to remain afterwards, at least by force, the party becomes a trespasser " ab initio." The owner is entitled to the unmolested enjoyment of his own dwelling. In it, the law throws around the shield of protection of himself and family. No officer of the law even, can enter by force to arrest an inmate; it is only when the outer door is open, that an officer armed with process to arrest is justified in entering, and when in, using force to execute his process. Leaving out of view in this case, the question of the regularity of the process, and the defendant's right to serve it, had he been an officer of the law, with legal process in his hands, as no arrest or manual seizure of the party was required in doing what the defendant did, he would have been technically a trespasser. All the cases to which I have been referred by the counsel for the defendant relate to officers having legal process in their hands, requiring them to seize and arrest the party. In such cases, having gained peaceable entrance into the house, the law justifies the officer in using reasonable force in doing what the process demands. But there is a very wide and obvious distinction between a case of this kind, and that of a party who voluntarily sues out process requiring no manual seizure or arrest; undertakes the business himself of serving it; with that view, forcibly enters another man's "castle;" is

Hager and Wife agt. Danforth.

directed to leave the premises; but instead of so doing, maintains his position, and by force continues in the house, pressing his way to other apartments, until he has accomplished his end.

2d. Should the verdict be set aside and a new trial granted, on the ground that the damages are excessive?

That courts have the legal right to grant new trials in actions of tort, when the damages given are disproportionate to the case proved, has been universally admitted. But the damages should be so outrageous and extravagant as manifestly to show that the jury must have been actuated by passion, partiality, prejudice or corruption. In other words, that the jury have utterly disregarded the evidence in the case in making up their verdict, and have been controlled by blind passion or prejudice, by or against the parties, or corrupt feelings and motives. The cases are extremely rare in this State, of an interference by the courts with the verdict of a jury in actions of tort, on the ground of excessive damages, perhaps for the very potent reason, amongst others, that it is difficult to come to the conclusion that in a case where it is peculiarly the province of a jury to measure the damages, they have committed, not an error of the judgment, but of the heart, that they have acted not wisely but corruptly.

The case was far from one calling for extravagant damages. The wife of the plaintiff, the injured party, evinced at no time any disposition to retire from the strife. Her conduct was characterized by but a small measure of that delicacy and refinement that we look for in a woman. She could bandy opprobrious epithets with almost as much facility as could the defendant. The injuries to her person were slight. I should certainly have been better satisfied with a less verdict, and sitting in the place of the jury, would probably have named the damages at a much smaller sum. But this is not a reason for reversing their verdict. The damages must be so extravagant as to manifest that it was the result, in no degree, of judgment, but of passion, or prejudice, or corruption.

This can hardly be predicated of any verdict of $250 in an action of assault and battery of a female. The charge in this case was not only of assaulting a woman, but doing so in her own house or that of her husband. The defendant himself sought out the occasion for committing violence, and the jury may have supposed that, although the woman was not entitled to that consideration that under other circumstances her sex demanded, there was scarcely a circumstance in the case to palliate his conduct. I do not think a precedent in this State can be found for setting aside a verdict on the ground of excessiveness of damage in an action of assault and battery, where the amount fixed by the jury did not exceed the sum of $250; and in my judgment, it would not be discreetly or soundly exercising that discretion with which I am in some degree clothed, to make a precedent in this case. Let an order be entered by the clerk of the county of Schoharie, in the minutes of the special term, as of May term, 1853, denying the motion for a new trial on the case made in this cause.